**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff - Appellee,<br><br>     v.<br><br>ROBERT REVELS, III,<br><br>                Defendant - Appellant. | No. 12-30164<br><br>D.C. No. 3:10-cr-05268-BHS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted July 8, 2013
Seattle, Washington

Before: KLEINFELD, M. SMITH, and N.R. SMITH, Circuit Judges.

     Robert Revels appeals his conviction and sentence for aiding and abetting

unarmed robbery in violation of 18 U.S.C. § 2113(a). We have jurisdiction under

28 U.S.C. § 1291, and 18 U.S.C. § 3742, and we affirm.

---

          [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Revels advances four challenges to his conviction and sentence. First, Revels argues that his conviction was not supported by sufficient evidence. There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Here, based on the evidence adduced by the government, a rational trier of fact could have found the elements of aiding and abetting unarmed robbery beyond a reasonable doubt. Revels was found possessing money stolen from the bank ten minutes after the robbery. An eyewitness testified that he saw Revels in the garage where two other black males were in a car that rapidly fled the area when police converged on it. Revels' DNA was found on the ski mask that was wrapped around the Beretta. On these facts and others, a rational trier of fact could find Revels guilty of aiding and abetting unarmed robbery.

Second, Revels argues that the district court erred by denying his motion to suppress, because the officers lacked probable cause to arrest him. "Probable cause to arrest exists when . . . under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Lopez*,

482 F.3d 1067, 1072 (9th Cir. 2007) (internal quotation marks and citation omitted).  Here, the tracking device led the police to Revels, who was walking alone on a bridge approximately two miles from the robbery site.  He was the only person in the vicinity, and he matched the general description of the person who robbed the bank.  He was also dressed in only shorts and a sleeveless basketball jersey on a cold March day, which could suggest that he had discarded another layer of clothing.  Under the totality of the circumstances, the officers had probable cause to arrest Revels.

Third, Revels argues that the district court erred in concluding that his conviction under California Vehicle Code § 2008.2 (1996), felony vehicle evasion, is a crime of violence for purposes of determining whether Revels is a career offender pursuant to U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4B1.1(a).  Examining Indiana's felony vehicle evasion statute, the United States Supreme Court held that "[f]elony vehicle flight is a violent felony . . . ." *Sykes v. United States*, 131 S. Ct. 2267, 2277 (2011).  The California statute under which Revels was convicted is materially similar to the Indiana statute at issue in *Sykes*.  The district court was therefore correct in reasoning that Revels' prior conviction for felony evasion was a crime of violence.

Fourth, Revels argues that the district court erred in determining that Revels was not entitled to an acceptance of responsibility adjustment pursuant to U.S.S.G. § 3E1.1. On appellate review, "as long as we can determine that the district court considered the defendant's objections and did not rest its decision on impermissible factors, no specific explanation of reasons is required for denying a defendant a downward adjustment for acceptance of responsibility." *United States v. Mohrbacher*, 182 F.3d 1041, 1052 (9th Cir. 1999). Here, the district court considered Revels' conduct and determined that although "through his presentation of a serious defense he all but admitted involvement, this does not rise to the level of acceptance of responsibility," and Revels never ultimately accepted responsibility for the crime. It is clear the district court did not rest its decision on impermissible factors. The substance of that decision, in turn, "is a factual determination we review for clear error." *United States v. Wilson*, 392 F.3d 1055, 1061 (9th Cir. 2004). The district court did not clearly err in its factual assessment of Revels' conduct.

**AFFIRMED.**